IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RANDY K. DANIELS, #0210-129276 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv343 |
| TYLER POLICE DEPARTMENT, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Randy K. Daniels, a prisoner confined in the Smith County Jail, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff filed his original complaint on July 5, 2023. (Dkt. #2). Plaintiff's claims against the Tyler Police Department and Smith County law enforcement, as well as conditions of his confinement in the Smith County Jail, were severed from his claims against the UT Hospital and the failure of the Rusk County Sheriff's Office and the Henderson Police Department. (Dkt. #1); *see* Cause No. 6:23cv-cv-276.

After Plaintiff's claims arising in Smith County, Texas were severed in Cause No. 6:23-cv-27, the Court here issued an order instructing Plaintiff to either pay the requisite filing fee of $402 or file an application to proceed *in forma pauperis* (IFP), along with a certified IFP data sheet or inmate trust fund account statement, within 30 days of the receipt of the order. (Dkt. #3). On August 14, 2023, Plaintiff filed a motion for leave to proceed IFP. (Dkt. #6). He, however, did not

1

attach a certified IFP data sheet or inmate trust fund account statement to his motion for leave to proceed IFP.

On August 17, 2023, the Court issued a second Deficiency Order (Dkt. #7), noting Plaintiff's deficiency and giving him 30 days from the receipt of the order to submit a completed application to proceed IFP and a properly certified IFP data sheet. Plaintiff was warned that the lawsuit may be dismissed if he did not comply with the order. Since that time, Plaintiff has not submitted an application to proceed IFP, or the requisite certified IFP data sheet. Plaintiff has not filed an extension of time to file an application to proceed IFP in this case. He has not complied with the order of the Court.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); FED. R. CIV. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164 (5th Cir. 1980). Plaintiff has not complied with the Court's order; thus, the lawsuit should be dismissed.

## Recommendation

It is therefore recommended that the complaint be dismissed without prejudice for want of prosecution and failure to obey an order. FED. R. CIV. P. 41(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 23rd day of October, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE